209; *Gadson* v. *State,* 36 Texas, 350; *Watts* v. *State,* 6 Texas Ct. App. 263.

It being essential to allege the possession from which the stolen property was taken, the allegation must be proved as made, at least substantially. It will not do to allege the possession in one person, and prove it to have been in an entirely different person. This would be contrary to that wise and well-settled rule of the law that the allegation and the proof must substantially correspond.

Because of the variance between the allegation and the proof as to the possession of the property, this case is reversed and remanded.

*Reversed and remanded.*

---

## L. W. TRUAX *v.* THE STATE.

POSSESSION OF PROPERTY RECENTLY STOLEN is a circumstance which may be proved for the consideration of the jury in determining the guilt or innocence of the accused; but that circumstance alone will not support a conviction for theft.

APPEAL from the District Court of Orange. Tried below before the Hon. W. H. FORD.

The case is clearly though concisely stated in the opinion. It does not appear by the evidence that the accused had any opportunity to explain his possession of the property. A term of two years in the penitentiary was the punishment assessed against the appellant.

No brief for the appellant.

*H. M. Holmes,* for the State.

WILLSON, J. The defendant was indicted for, and convicted of, the theft of a log of timber of the value of over twenty dollars.

The only evidence in the record tending to prove the guilt of defendant is that, shortly after the log was missing, it was found at the shingle-yard of defendant, partially sawed into shingle blocks.

Possession of property recently stolen is not of itself sufficient to support a conviction of the theft of such property. In the case of *Hannah* v. *State*, 1 Texas Ct. App. 578, this court said: "When one is found in possession of property recently stolen, whilst this fact would be a circumstance to be considered by the jury in determining the guilt or innocence of the accused, still this circumstance would not of itself justify a conviction; but in order to convict of theft, the law requires further evidence of guilt than the naked fact of being found in possession of the property." The verdict not being supported by the evidence this cause is reversed and remanded.

*Reversed and remanded.*